UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:15-CR-161-TWP-CCS |
| | ) | |
| BUNMI PAUL ADEOYE, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on November 28, 2016, for a motion hearing on Defendant's *pro see* Motion for New Counsel [Doc. 22], filed on November 9, 2016, and defense counsel's Motion for Substitution of Counsel and/or to Review the Attorney-Client Relationship [Doc. 23], filed on November 14, 2016. Assistant United States Attorney Cynthia Davidson was present representing the Government. Attorney Johnathon Moffatt was present representing the Defendant, who was also present.

In his *pro se* motion, the Defendant states there is a breakdown in communication between him and Attorney Moffatt and moves the Court to appoint him new counsel. In Attorney Moffatt's motion, he explains that the Defendant would not meet with counsel in two recent jail visits. During the hearing, Attorney Moffatt stated he has not been actively preparing for the December 6, 2016 trial because the Defendant's refusal to meet with him has curtailed his ability to effectively represent the Defendant. Counsel also explained that the Defendant is

1

concerned with the nature of a pending state case, which has hampered progress being made in this case and has

also caused the Defendant not to trust the advice of counsel in this case.

The Court than asked AUSA Davidson to be excused so that it could hold a portion of the hearing under seal in order to speak more freely with Attorney Moffatt and the Defendant. During the sealed portion of the hearing, Attorney Moffatt explained in more detail what had transpired between him and the Defendant, and the Defendant explained his reasons for wanting new counsel. After hearing the positions and statements of counsel and the Defendant, the Court unsealed the hearing and found that the type of conflict the Defendant appeared to have with defense counsel was not the type of conflict that requires the appointment of a new attorney, nor would a new attorney be able to do anything different on the Defendant's behalf.

Accordingly, the Court finds that the Defendant has not shown good cause for the appointment of new counsel. See Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985) (explaining that good cause must be shown to warrant substitution of counsel, such as a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict with counsel). Attorney Moffatt has not acted incompetently and there is no reason why he and the Defendant cannot continue to work together. While they have had some disagreements, the Court finds that the problems described during the sealed portion of the hearing are reparable and thus are insufficient to prevent defense counsel from providing adequate representation. As a result, the Court finds that there has not been an irrevocable breakdown in communication or the attorney-client relationship. Therefore, Defendant's *pro see* Motion for New Counsel [**Doc. 22**] and

Attorney Moffatt counsel's Motion for Substitution of Counsel and/or to Review the Attorney-Client Relationship [**Doc. 23**] are **DENIED**.

**IT IS SO ORDERED.**

ENTER:

<u>    s/ C. Clifford Shirley, Jr.  </u>
United States Magistrate Judge